IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**CALIFORNIA CASUALTY
INSURANCE COMPANY,**

    **Plaintiff,**

**vs.**                                            **NO. CIV 99-1432 MV/RLP**

**TOBY JOY and MARY JOY**

    **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendants' First Motion to Dismiss the Amended Complaint for Lack of Jurisdiction, filed on February 7, 2000 **[Doc. No. 14]**; Second Motion to Dismiss Amended Complaint for Lack of Subject Matter Jurisdiction, filed on March 27, 2000 **[Doc. No. 29]**; and Second (sic) Motion to Dismiss Amended Complaint for Lack of Jurisdiction, filed March 30, 2000 **[Doc. No. 32]**. The Court, having considered the motions, responses, replies, relevant law, and being otherwise fully informed, finds that the motions are well taken and will be **GRANTED**, as explained below.

### FACTUAL BACKGROUND

The undisputed facts for purposes of these motions are as follows:

Plaintiff California Casualty Insurance Company is a California corporation that insured the residence of Defendants Toby Joy and Mary Joy in Dona Ana County, New Mexico. As a result of damages sustained to Defendants' family home, Defendants made a claim under this

1

Home Insurance Policy. Plaintiff denied coverage for the claimed loss, but nonetheless made a settlement offer of $25,000. Defendants refused the settlement offer and through their attorney made a counter-offer. In this counter offer, Defendants stated that their entire out-of pocket expenses amounted to $102, 061.78, but that due to a dispute over coverage they were interested in settling the insurance claim for two-thirds of their out-of-pocket expenses in the total amount of $67, 973.14. Rather than responding to the counter-offer of $67, 973.14, Plaintiffs filed suit in federal court seeking declaratory judgment. Defendants responded with three motions to dismiss arguing that the jurisdictional minimum amount in controversy of over $75,000 was not met. Plaintiff, during the course of the briefing process, refused to concur that the total amount in controversy was below the jurisdictional $75,000 and argued that Defendants should stipulate that they would not seek recovery in excess of $75,000. Defendants met Plaintiff's challenge and filed said stipulation, whereupon, Plaintiff then argued that the stipulation should in fact limit Defendants from seeking or *accepting* recovery in excess of $75,000. Again meeting Plaintiff's challenge, Defendants filed said stipulation signed by both Defendants and their attorney, clarifying that they would not seek or accept recovery in excess of $75,000. Plaintiff now contends, after nine briefs have been filed on this matter, that no stipulation should be allowed to defeat federal jurisdiction in this case.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power &*

*Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *See Penteco Corp. v. Union Gas System, Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991).

In a diversity action originally filed in federal court, the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). In determining the amount in controversy, the amount alleged in the complaint will suffice unless it appears to a legal certainty that the plaintiff cannot in good faith claim the jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). If the minimum amount in controversy is not met, there is no federal subject matter jurisdiction and the court must dismiss the action at any time in which it becomes apparent that jurisdiction is lacking. *See Tuck v. United Service Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988), *cert. denied,* 489 U.S. 1080 (1989).

Federal jurisdiction is determined at the outset of litigation. If the requisite amount in controversy is satisfied at that time, subsequent events that reduce the amount below the statutory requirement will generally not divest the court of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. at 289-90. For example, the mere fact that the plaintiff ultimately recovers or settles for a sum less than the jurisdictional amount will not divest the court of jurisdiction. *See Watson v. Blankinship*, 20 F.3d 383, 387 (10th Cir. 1994). A distinction is drawn between subsequent events that change the amount in controversy and subsequent revelations that clarify the required amount was not in controversy at the commencement of the litigation. *See Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 829 (1989). If, after the suit is commenced, the court determines that the minimum amount in controversy is not met, subject matter jurisdiction is lacking and the court must dismiss the complaint. *See City of*

*Boulder v. Snyder*, 396 F.2d 853, 856 (10th Cir. 1968), *cert. denied*, 393 U.S. 1051 (1969). Failure to satisfy the jurisdictional amount from the outset, although not recognized until later, is not a subsequent change that can be ignored. *See Watson v. Blankinship*, 20 F.3d at 387-88. Thus, if the defendant establishes during the course of litigation that from the outset, the maximum conceivable amount in controversy was less than the jurisdictional minimum, the court must dismiss the case for lack of subject matter jurisdiction. *See Moore's Federal Practice* 3D § 102.104[3]

## DISCUSSION

The sole issue before the Court is whether Defendants' stipulation that they will not seek or accept any damages in excess of $75,000 is sufficient to defeat federal subject matter jurisdiction. Plaintiff makes three arguments against dismissing this case for lack of subject matter jurisdiction. First, Plaintiff alleges that Defendants' motions are not timely. Plaintiff then asserts that subsequent events such as the stipulation cannot defeat subject matter jurisdiction once such jurisdiction has been established. Finally, Plaintiff cites to case law where courts refused to consider stipulations to defeat subject matter jurisdiction. The Court is not persuaded by plaintiff's arguments and finds that Defendants have proven to a legal certainty that the amount in controversy is below the minimum jurisdictional amount of $75,000.

Plaintiff's first argument challenging the timeliness of Defendants' motions to dismiss is without merit. As the Court has noted, a challenge to federal subject matter jursidiction can be raised at any time during the course of litigation, and is never waived. *See Tuck v. United Service Auto. Ass'n, 859 F.2d at 844*. Accordingly, it is irrelevant when Defendants raised their jurisdictional challenge.

4

Plaintiff's next argument that Defendants' stipulation is a subsequent occurrence that cannot defeat jurisdiction is also misplaced. Plaintiff is correct in its assertion that a Court in determining whether the amount in controversy is met should examine the facts at the outset of the litigation. *See St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. at 289-90. Subsequent events, such as settlement or dismissal of certain claims are insufficient to reduce the amount in controversy and thereby defeat subject matter jurisdiction. *See Watson v. Blankinship*, 20 F.3d at 387. However, subsequent events are distinguishable from subsequent revelations which clarify that the minimum amount in controversy was never met in a case. Here, Defendants' stipulation that they will not seek or accept any award in excess of $75,000 merely clarifies the demand letter sent by Defendants to Plaintiff seeking $67, 973.14. In the demand letter, Defendants asserted that although they had incurred out-of-pocket expenses in the amount of $102, 061.78, they recognized that there was a dispute as to the coverage for Defendants' losses and that they were seeking to settle their claim for $67, 973.14. Defendants assert that they were never seeking more than $67,973.14 and never believed that they were entitled to more than that amount. Thus, the stipulation that Defendants will not seek or accept and award greater than $75,000 merely clarifies their initial demand letter in which they sought to recover their losses in the amount of $67,973.14. Contrary to the assertions of Plaintiff, it appears to the Court that Defendants were never seeking coverage for their entire out-of-pocket expenses. Rather, it is evident that Defendants were merely setting forth their out of pocket-expenses in the course of negotiating for a settlement of $67, 973.14. Although Defendants' home owner's insurance policy covered up to $100,000 in damages, there is no evidence that Defendants ever filed a claim for coverage greater than the $67, 973.14. Viewed in its proper context, it is clear that the

stipulation is not a subsequent occurrence, but rather is a subsequent revelation clarifying that the amount of recoverable damages claimed by Defendants was always less than the minimum amount in controversy. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).

Finally, Plaintiff cites to a string of cases in which federal courts refused to remand a removed case back to state court where the plaintiffs initially sought damages in state court in excess of the jurisdictional amount, but later stipulated in federal court that they would not seek damages above the minimum diversity jurisdictional amount in controversy. *See Chase v. Shop-n-Save*, 110 F.3d 424 (7th Cir. 1997); *Woodward v. Newcourt Commercial Finance Corp.*, 60 F. Supp. 2d 530 (D.S.C. 1999); *Cross v. Bell Helmets*, 927 F. Supp. 209 (E.D. Tex. 1996); *Fairchild v. State Farm*, 907 F. Supp 969, 971 M.D.La. 1995). These cases are distinguishable from the present case in two important respects. First of all, those cases were all removed from state court under circumstances where the plaintiffs initially sought damages in excess of the minimum amount in controversy, but later stipulated that they suffered lesser damages in an effort to forum shop. In contrast, in the present case Defendants have consistently been seeking damages below the required federal amount in controversy, and have now clarified through stipulation that they would not seek or accept any damages above the minimal jurisdictional amount. Unlike the parties in the cases cited by Plaintiff, Defendants in this case have never asserted in any court, state or federal, that they sought damages higher than $67, 973.14. Another important distinction from the cases cited by Plaintiff, is that Defendants in this case have stipulated (at the behest of Plaintiff) that they will not seek or *accept* any damages in excess of $75,000. In contrast, the parties in the cases cited by Plaintiff always left open the possibility that they would accept an award greater than the minimal amount in controversy. This case is more

6

akin to *Moss v. Voyager Insurance Company*, 43 F. Supp 2d 1298, 1303 (M.D.Ala. 1999), where a federal district court found that a binding stipulation that a party would not seek or accept damages above the requisite jurisdictional amount was sufficient to establish to a legal certainty that the amount in controversy was not met. Like *Moss,* the Defendants' stipulation in this case merely clarifies the ambiguous jurisdictional question of the amount that Defendants are truly claiming is owed to them by their insurance company. This clarification is sufficient to prove to a legal certainty that both the Plaintiff and the Defendants cannot in good faith claim the jurisdictional amount. *See St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283.

A final point worth noting is that Plaintiff throughout the briefing process has continued to raise the bar as to what Defendants needed to do to prove to a legal certainty that the minimum amount in controversy was not met. Plaintiff initially requested a stipulation, then requested a more specific stipulation, and finally argued that no stipulation would be sufficient. It is clear from this gamesmanship that Plaintiff's goal is to remain in a federal forum no matter what Defendants may do to prove that they are seeking damages below the minimum amount in controversy. Plaintiff will not succeed in this goal. It is evident from the binding stipulation signed by Defendants and their attorney that Defendants never sought in excess of the federal minimum amount in controversy and accordingly there is no federal subject matter jurisdiction in this case.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' First Motion to Dismiss the Amended Complaint for Lack of Jurisdiction, filed on February 7, 2000 **[Doc. No. 14]**; Second Motion to Dismiss Amended Complaint for Lack of Jurisdiction, filed on March 27, 2000 **[Doc. No. 29]**; and

Second (sic) Motion to Dismiss Amended Complaint for Lack of Jurisdiction, filed March 30, 2000

**[Doc. No. 32]** are hereby **GRANTED**.

    **DATED** this 20th day of April, 2000.

                                                 **MARTHA VÁZQUEZ**
                                                 **U. S. DISTRICT COURT JUDGE**

<u>Attorneys for Plaintiffs</u>
Dale Rugge

<u>Attorneys for Defendant</u>
James Roggow